WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Keith Preston Nance, | ) | No. CV 13-0313-PHX-RCB (DKD) |
| Plaintiff, | ) | **O R D E R** |
| vs. | ) | |
| Allen Miser, et al., | ) | |
| Defendants. | ) | |

Plaintiff Keith Preston Nance, who is confined in the Arizona State Prison Complex, South Unit, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendants Ryan, Linderman, and Miser to answer Count I of the Complaint.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $10.66. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

. . .

### III.  Complaint

Plaintiff alleges one count for violation of his religious exercise and equal protection rights.  Plaintiff sues the following current or former employees of the Arizona Department of Corrections (ADC):  Director Charles L. Ryan, Pastoral Administrator Mike Linderman, and Florence Complex Senior Chaplain Allen Miser.  Plaintiff seeks declaratory, injunctive, and punitive relief.

Plaintiff alleges the following facts: Plaintiff is a Muslim.  During the holy month of Ramadan, Muslims must fast from sunrise until sunset.  During Ramadan, Muslims may eat their morning meal prior to sunrise and must engage in group prayer.  At the end of Ramadan, Muslims engage in a celebration for successful completion of Ramadan with a Halal meal.  In 2012, Ramadan commenced on July 20 until August 19, 2012.

On June 6, 2012, Plaintiff submitted an Inmate Letter to South Unit Chaplain Samuel Lee requesting enrollment in 2012 Ramadan observances, which were to commence July 20, 2012 at 4:14 a.m. and end August 19, 2012.  Lee approved Plaintiff's request.

On July 13, 2012, a meeting was held between ADC officials, specifically Chaplain Irby and Linderman, and representatives from the Islamic Center of Tucson (ICT) concerning Ramadan observances.  The ICT representatives had learned that ADC planned to provide Muslim inmates with their morning meal during Ramadan at 5:00 a.m., which was after sunrise.  The ADC officials indicated that Muslim inmates could pray and eat purchased food in their cells prior to sunrise, if they chose. They also indicated that Muslim inmates could eat donated food in their cells prior to sunrise.  ICT representatives were satisfied that Muslim inmates could observe Ramadan if they were allowed to eat purchased or donated food in their cells prior to sunrise.

Plaintiff alleges that Ryan, Linderman, and Miser implemented a 5:00 a.m. turn out policy, i.e., provision of the morning meal after sunrise, which forced Plaintiff to choose between the morning meal and his religious obligations. Plaintiff was indigent and lacked the resources to purchase food to eat in his cell prior to sunrise during Ramadan and Plaintiff did not know that he could eat donated food for Muslim inmates in his cell during Ramadan.

During the 2012 Ramadan, Plaintiff was unable to engage in group prayer or eat his morning meal prior to sunrise, which he alleges substantially burdened his religious exercise. He alleges the absence of a compelling government interest in denying his religious exercise or that Defendants used the least restrictive means to further any legitimate government interest. Plaintiff contends that Defendants' policy was motivated by anti-Islamic animus and that Defendants treated other religious groups differently than Muslims where he was not informed that he could receive donated food from the ICT during Ramadan and where Catholic and Jewish inmates were permitted to receive donated religious foods, even if they were not indigent, unlike Muslim inmates. Plaintiff further alleges that he was unable to engage in a Halal meal at the end of Ramadan to celebrate successful observance of Ramadan.

### VI. Claims for Which an Answer Will be Required

Plaintiff alleges that Defendants Ryan, Linderman, and Miser promulgated or implemented a policy that substantially burdened his religious exercise rights under the First Amendment and RLUIPA by providing the morning meal to Muslim inmates during Ramadan 2012 after sunrise and by preventing Muslim inmates from engaging in group prayer prior to sunrise during Ramadan 2012. Plaintiff also alleges that Defendants Ryan, Linderman, and Miser failed to inform or make available donated religious food to Muslim inmates, regardless of indigence, during Ramadan, unlike other religious sects and thereby violated his equal protection rights. Defendants Ryan, Linderman, and Miser will be required to respond to Plaintiff's religious exercise and equal protection claims in his Complaint.

### V. Warnings

#### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)     A required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.66.

(3)     Defendants Ryan, Linderman, and Miser must answer Count I.

(4)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Ryan, Linderman, and Miser.

. . .

TERMPSREF

- 5 -

1  (5) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 19th day of June, 2013.

_____
Robert C. Broomfield
Senior United States District Judge